UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DOUGLAS SMITH                                CIVIL ACTION

VERSUS                                       NUMBER: 11-2924

BURL CAIN, WARDEN                            SECTION: "N"(5)

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Douglas Smith, the State's response thereto, and Smith's traverse(Rec. docs. 1, 8, 9). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that the instant petition be dismissed with prejudice as untimely.

**PROCEDURAL HISTORY**[1]

Petitioner, Douglas Smith, is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On February 22, 2007, Smith was charged via an amended bill of information with three counts of armed robbery and one

---

[1] A portion of the procedural history has been taken from the Louisiana First Circuit Court of Appeal's opinion, State v. Smith, 9 So.3d 355 (Table), No. 2008-KA-2129, 2009 WL 1270320 (La. App. 1 Cir. 2009).

count of attempted armed robbery. (St. rec., vol. 1, p. 22). On November 7, 2007, following trial by jury in the Twenty-Second Judicial District Court for the Parish of St. Tammany, Smith was found guilty as charged on the three counts of armed robbery and guilty of the responsive offense of attempted first degree robbery. (St. rec., vol. 1, p. 65). On December 12, 2007, Smith, with respect to his convictions on three counts of armed robbery, was sentenced to three 30-year terms of imprisonment, to run concurrently. (St. rec., vol. 3, pp. 510-511). With respect to his attempted first degree robbery conviction, Smith was sentenced to five years of imprisonment, to run concurrently with his other sentences. (St. rec., vol. 3, p. 511).

Smith was subsequently charged as a multiple offender. On September 22, 2008, a multiple bill hearing was held. (St. rec., vol. 3, p. 516). Following testimony, the district court found Smith to be a triple felony offender. (St. rec., vol. 3, p. 537). Thereafter, the court "set aside the original sentence of 30 years" and sentenced Smith as a third felony offender to "90 years with the Department of Corrections." (St. rec., vol. 3, p. 538).

On May 8, 2009, the Louisiana First Circuit Court of Appeal affirmed Smith's convictions, habitual offender adjudication, and sentences. State v. Smith, 9 So.3d 355 (Table), No. 2008-KA-2129, 2009 WL 1270320 (La. App. 1 Cir. 2009). The appellate court noted

that while the district court, during Smith's original sentencing, advised Smith of his time for seeking post-conviction review, the court did not repeat the instruction at re-sentencing. Nevertheless, the appellate court declined to remand the matter, noting: "[I]t is apparent that the defendant has notice of the limitation period and/or has an attorney who is in the position to provide him with such notice." Id. at *4.

On February 5, 2010, the Louisiana Supreme Court denied Smith's writ application. State v. Smith, 27 So.3d 297 (La. 2010). Smith's conviction became final ninety days later, on May 6, 2010, when the time for seeking a writ of certiorari from the U.S. Supreme Court expired and no application therefor was made. See U.S. Sup. Ct. R. 13(1); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003). Thereafter, Smith did not seek post-conviction relief.

On November 9, 2011, Smith filed the instant habeas corpus application, raising post-conviction relief claims pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000).[2] In its response

---

[2] Smith claims that he filed the instant action on "September 28, 2011". (Rec. doc. 1, p. 3). When ascertaining a petitioner's filing date, courts employ the "mailbox rule". Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. See Colarte v. Leblanc, 40 F.Supp.2d 816,

3

(rec. doc. 8, p. 4), the State asserts that Smith has failed to exhaust his state court remedies, claiming: "None of the claims asserted herein were asserted in the direct appeal filed by petitioner....". The State also asserts that the instant petition is untimely. (Rec. doc. 8, pp. 3-4). For the reasons set forth below, the Court finds that the State's assertion as to timeliness is correct. Therefore, no further discussion of exhaustion is necessary.

**TIMELINESS**

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Smith have one year from the date that their convictions become final to timely seek federal habeas corpus relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the Court <u>sua</u> <u>sponte</u>. <u>Kiser v. Johnson</u>, 163 F.3d 326, 328-329 (5th Cir. 1999).

---

817 (E.D. La. 1999). Smith signed his habeas petition on "11-9-11".

4

Smith's conviction and sentence became final on May 6, 2010. Under §2244(d), Smith thus had until May 6, 2011, within which to timely seek federal relief. As Smith filed no application for post-conviction relief or other collateral review during this one-year period, his prescriptive period was not tolled.[3] Thus, the instant petition, having been filed approximately six months after Smith's statute of limitations expired, is prescribed absent a basis for equitable tolling.

The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently and, (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that

---

[3]In his traverse (rec. doc. 9, p. 3), Smith asserts that on January 30, 2012, he filed a post-conviction application with the state district court and the matter is pending. However, Smith's post-conviction application was filed after the expiration of the federal statute of limitations; it has no bearing on the timeliness of Smith's federal habeas petition. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, 2000 WL 1023423, *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, 2000 WL 863132, *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

5

the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

Smith provides the following arguments in support of his claim that he is entitled to equitable tolling. First, Smith asserts that the untimeliness of his petition is attributable not to any lack of diligence on his part, but rather, to the lack of diligence on the part of inmate counsel.

Smith provides that on February 15, 2010, ten days following the Louisiana Supreme Court's February 5, 2010 denial of his writ application on direct appeal, he sought the assistance of inmate counsel. At that time, Smith was advised that "they were aware of the AEDPA Fereal [sic] Dead line [sic] and his state post-conviction Dead line [sic], and that they would take care of his case from there on." (Rec. doc. 1, memorandum entitled "Equitable Tolling Should Commence in this Case Due to Extraordinary Circumstances Beyond Petitioner's Control", p. 2). At that point, "believing that all his worries were over", Smith simply "wait[ed] to be contacted back by ... inmate counsel's [sic]." Id. Smith, in fact, waited over a year, until August 26, 2011. It was not until then that Smith "went to the law library" and made an inquiry regarding "the status of his case". Id. at p. 3. After checking

the status, inmate counsel "gave petitioner all his paper works [sic] back to him, and told petitioner there was nothing more he could do with his case." Id.

Based upon the above, Smith contends that he "has shown his diligency in pursuing his rights," but an impediment, i.e., inmate counsel's inaction, "stood in his way." Id. The Court disagrees.

In Holland, supra, the Supreme Court, in determining that petitioner had been diligent in his pursuit of relief, noted that Holland made repeated inquiries regarding the status of his case. Holland made these inquires not only to counsel, but also to state courts and their clerks. Further, Holland took a proactive role, making efforts to provide counsel with advice regarding what should be done to protect his rights. Finally, the Court observed: "[T]he *very day* that Holland discovered that his AEDPA clock had expired due to [counsel's] failings, Holland prepared his own habeas petition *pro se* and promptly file it with the District Court." Holland, 130 S.Ct. at 2565 (emphasis original).

In contrast, Smith, for over a year, made no inquiries with regard to the status of his case. Instead of taking a proactive role in protecting his right to seek post-conviction or federal habeas relief, Smith opted to sit back, worry-free, relying solely on a fellow inmate, one from whom Smith had not sought assistance

7

in the past.⁴ Clearly, Smith has failed to satisfy the "diligence" prong of the two-prong test which must be satisfied in order to equitably toll the AEDPA's one-year statute of limitations.

Smith also argues that he was impeded from filing the instant petition because a "State of Emergency" was declared and, as a result, the prison was evacuated from May 6, 2011 to June 25, 2011. (Rec. doc. 9, Smith's traverse, p. 2).⁵

The "State of Emergency" and resulting evacuation are insufficient to excuse the untimeliness of Smith's habeas petition. The date of the evacuation was the very date Smith's habeas petition was due. Clearly Smith did not act with due diligence if he waited until the very last date of his one-year statute of limitations to check on the status of his petition or commence working on same. Further, it is well-established that a prisoner's lack of access to a law library and/or inmate legal counsel do not provide a basis for tolling his prescriptive period. As the court explained in Rood v. Quarterman, 2009 WL 2018991, *2 (S.D. Tex. July 10, 2009), a "petitioner's allegations of pro se status and

---

⁴Smith explains that the inmate who assisted him in connection with his direct appeal proceedings was "no where to be found." Id. at p. 2. As such, he sought assistance from a different inmate.

⁵In his memorandum (rec. doc. 1, p. 2), Smith provides that the evacuation period was from "May 13, 2011 to June 14, 2011."

limited access to law libraries and other resources are incident to ordinary inmate status ... and do not constitute grounds for statutory or equitable tolling of limitations." See also Horne v. Cain, 2010 WL 1332977, *6 (E.D. La. Feb. 24, 2010) (Knowles, MJ), adopted, 2010 WL 1333055 (E.D. La. Mar. 29, 2010) (Vance, J); Bunley v. Jones, 2009 WL 2868427, *3 (E.D. La. Aug. 11, 2009) (Moore, MJ), adopted as modified, 2009 WL 2868424 (E.D. La. Aug. 31, 2009) (McNamara, J).

Finding that equitable tolling is not applicable, the instant action is clearly time-barred. Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the petition of Douglas Smith for habeas corpus relief be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415,

9

1430 (5th Cir. 1996)(en banc).⁶

New Orleans, Louisiana, this 26th day of       March      , 2012.

                                   _____
                                         ALMA L. CHASEZ
                                   UNITED STATES MAGISTRATE JUDGE

---

⁶<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.